## JAMES S. SEXTON
### v.
## JOSEPH F. HENDERSON.

*Mandamus—Certificate of Attendance, etc., of Juror—Issuance of—Drainage Act as Amended, Sec. 17½.*

1. In the absence of a statutory enactment providing for the payment by

Sexton v. Henderson.

a county of the personal expenses of jurors in the performance of their duty, they are not entitled to certificates providing therefor.

2.  As a governmental agency, the county where a given court is located is required to bear the expenses of jurors in drainage cases, irrespective of the fact that a given district lies in several counties.

3.  The burden of maintaining courts, with the attendance of jurors and officers and other incidental expenses, without reference to the residence of the litigants, or whether the litigation is beneficial to the county or otherwise, rests upon such county.

[Opinion filed December 7, 1891.]

IN ERROR to the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JAMES M. BROCK, for plaintiff in error.

Messrs. BASSETT & BASSETT, for defendant in error.

CARTWRIGHT, J.   The relator, Joseph F. Henderson, filed his petition in the Circuit Court of Mercer County, against James S. Sexton, county clerk of said county, alleging that relator had served as a juror in assessing damages and benefits in Bay Island Drainage District of Mercer and Rock Island Counties, in a drainage proceeding in the County Court of Mercer County, for a period of twenty days; that he traveled four miles in attending the court and expended $4.27, his necessary expenses in going upon the land to view the same, and that upon application in proper manner to said clerk for a certificate of his attendance, mileage and expenses, the same was refused.   The petition prayed for a mandamus to compel the issue of such certificate.   A general demurrer to the petition was interposed, which was overruled by the court, and respondent standing by his demurrer, a peremptory writ was ordered according to the prayer of the petition, and judgment rendered against respondent for costs.

The statute providing for the compensation of jurors impaneled to assess damages and benefits in the proceeding in which relator served, is Sec. 17½ of the Drainage Act as amended in 1885.   3 Starr & C. Ill. Stats., Chap. 42, Par. 43.

That section provides that "jurors summoned or impaneled to assess damages and benefits under this act, shall receive the same compensation as petit jurors, and be. paid as in other cases in courts of record." In other cases in courts of record, jurors receive for their services the sum of $2 per day of necessary attendance at such courts, as such jurors, and also five cents per mile each way for necessary travel in going to and returning from the same; and the method of payment provided is, that the clerk of the court shall give to each juror a certificate, upon the presentation of which the county treasurer shall pay to the juror the compensation which he is so entitled to receive for such service. It follows from these provisions of law, that it became the duty of the clerk of the court, upon the discharge of this juror from further service, to furnish him with a certificate, upon which he would be entitled to receive from the county treasurer his *per diem* and mileage. It is insisted that in this case the application of the law would be unjust, inasmuch as the Drainage District lies partly in Rock Island County, and if Mercer County is required to bear the whole burden of jury fees, it would work a hardship. The Legislature has cast upon counties the burden of maintaining courts, with the attendance of jurors and officers and other incidental expenses, without reference to the residence of the litigants, or whether the litigation is beneficial to the county, or otherwise. As a governmental agency the county where the court is located is required to bear these burdens, and we see nothing to indicate a different legislative intention in drainage litigation.

There is no provision of law for the payment, by the county, of personal expenses of the juror in the performance of his duty, and the juror was not entitled to a certificate including such expenses.

The petition in this case set out separately the amounts due for *per diem* and mileage, and the amount claimed for expenses. It showed a clear legal right to the *per diem* and mileage, but no right to the expenses. The demurrer being general, and that portion of the relief sought which was unobjectionable being separable from that to which no right was shown, the

demurrer was properly overruled.    The court, in rendering judgment, should not have ordered the clerk to issue a certificate including the expenses, as the petition did not show that it was the duty of the clerk to include such expenses. Where, as in this case, it is apparent that the act sought to be coerced is not the duty of the clerk, the relief as to such act should be withheld.    The judgment of the Circuit Court will be affirmed as to the *per diem* and mileage, and reversed as to $4.27 expenses.    Relator to pay costs in this court.

*Reversed in part and affirmed in part.*